# Oliver H. Bair Company, a Corp., *v.* Philadelphia Rapid Transit Company, Appellant.

*Practice—Municipal court—Motion to strike out evidence—Automobile—Street car—Collision.*

In an action of trespass to recover for damages to an automobile plaintiff offered evidence of the cost of repairs, without direct proof

that the automobile repaired was the one involved in the accident. This evidence was received without objection from the defendant. After plaintiff rested defendant moved to strike out the testimony relating to the repairs, without stating the reason therefor.

Under such circumstances proper grounds for striking out the evidence had not been laid and defendant's motion was properly refused.

In this case the jury could identify the car by considering the time it was received for repairs with the time of the accident, and by considering the repairs with the damage to the car detailed by the witnesses to the accident.

Argued October 31,. 1927. Appeal No. 216, October T., 1927, by defendant from judgment of M. C., Philadelphia County, March T., 1926, No. 247, in the case of The Oliver H. Bair Company, a Corporation, v. Philadelphia Rapid Transit Company. Before PORTER, P. J. HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages to an automobile. Before KNOWLES and GLASS, JJ.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $571.20, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*Philip Price,* and with him *J. J. K. Caskie,* for appellant.

*Charles E. Kenworthey,* and with him *Ralph B. Evans,* for appellee.

OPINION BY LINN, J., March 2, 1928:

This appeal is from judgment on a verdict in a suit to recover for damage to a service automobile, called in the evidence, a dead wagon, damaged by defendant's

negligence not now contested. The only point appellant desires reviewed is the refusal of its motion made when plaintiff rested: "May I move first, however, to strike out the testimony about the repairs?" That testimony was the evidence of the repairs made and their reasonable cost given by a witness employed by the company that repaired the car; it had been received without objection. When the motion to strike out was made no reason was stated, but in the brief appellant contends that it should have been granted because there was no evidence that the car repaired was the car damaged. The evidence on that subject was slim but sufficient; the jury could and doubtless did identify the car by considering the time the car was received for repair with the time of the accident, and by considering the repairs with the damage to the car detailed by the witnesses to the accident. Neither in chief nor in cross examination was there any suggestion that the car then under discussion was not the car damaged by defendant. Plaintiff might have amplified the proofs on this subject if defendant had made timely suggestion that unless the car was more adequately identified it deemed the evidence offered insufficient. The motion was properly refused because no ground had been laid to strike out the evidence.

Judgment affirmed.